UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Donnie Martin, Jr., | ) C/A No.: 2:14-279-TMC-BHH |
|                 Plaintiff, | ) |
| vs. | ) |
| Medical of Anderson County Detention Center, for the year of 2012;<br>Anderson County Sheriff John Skipper;<br>Major Bryant, of Anderson County Detention Center, | ) Report and Recommendation |
|                 Defendants. | ) |

Plaintiff, a pre-trial detainee proceeding pro se, files this wrongful death action on behalf of his father. Plaintiff is detained at the Anderson County Detention Center ["ACDC"]. Plaintiff's father was also detained at the ACDC. Plaintiff claims his father lost his leg while detained at the ACDC because of a lack of medical attention, and because the staff at ACDC would not permit his father to engage in recreation. Plaintiff also alleges his father did not receive proper medical care at the ACDC after his father lost a leg. Specifically, Plaintiff alleges his father fell in the shower, and claims "it took about 30 [minutes] for help to come ... and as a result [his father] died in October 2012." Plaintiff further alleges the black mold in the Detention Center contributed to his father's illness. Plaintiff seeks two million dollars in damages.

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton

v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)(per curiam). Even under this less stringent standard, however, the pro se petition is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in

a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Any state law causes of action, such as medical malpractice or negligence on the part of the Defendants would only be cognizable in this Court under the diversity statute, <u>Cianbro Corporation v. Jeffcoat and Martin</u>, 804 F. Supp. 784, 788-791 (D.S.C. 1992), if that statute's requirements are satisfied. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina. Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.[1] The Plaintiff, however, is not without a forum: he may file suit in state court.

---

[1] Furthermore, although it is not clear from the Complaint that Plaintiff attempts to seek relief pursuant to 42 U.S.C. § 1983, to the extent he seeks to do so, such an action belongs to the decedent's estate. See <u>Belcher v. S.C. Bd. of Corrs.</u>, 460 F. Supp. 805, 807 (1978); <u>see also Spence v. Staras</u>, 507 F.2d 554 (7th Cir. 1974); S.C. CODE ANN. § 15-5-90.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

March 13, 2014
Charleston, South Carolina

***The Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).